Daniel Jacobs
AttorneyJacobs@twc.com
CA Bar No. 295494
P.O. Box 5273
Los Angeles, CA 90296
Telephone: (310) 338-7415
Facsimile: (310) 338-2843

*Attorney for Plaintiff Lawrence P. Kalbers*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

_____
                                    )
**LAWRENCE P. KALBERS**             )
                                    )   No. 2:18-CV-8439
                                    )
                                    )
                                    )
        v.                          )
                                    )   **COMPLAINT FOR INJUNCTIVE RELIEF**
                                    )   **FREEDOM OF INFORMATION ACT**
                                    )
**U.S. DEPARTMENT OF JUSTICE**      )
_____)

1. This is an action under the Freedom of Information Act ("FOIA" or "the Act"), 5 U.S.C. § 552 *et. seq.,* for injunctive relief requiring the defendant to release agency records it improperly withheld from plaintiff. Plaintiff alleges as follows:

**PARTIES**

2. Plaintiff Lawrence P. Kalbers ("Professor Kalbers") holds the R. Chad Dreier Chair in Accounting Ethics at Loyola Marymount University ("LMU") in Los Angeles, California. He is also Associate Dean of the LMU College of Business Administration

("CBA") and the Chair of its Accounting Department, and serves on the Advisory Committee of the CBA Institute of Business Ethics and Sustainability ("IBES").

3. Professor Kalbers co-authored an article entitled, "The Volkswagen Diesel Charade" that has been accepted for publication in the *CPA Journal*, a prestigious trade journal of the accounting profession. His research on the subject is ongoing.

4. Defendant U.S. Department of Justice ("Justice Department") is an agency of the U.S. Government within the meaning of 5 U.S.C. § 552(f)(1).

## JURISDCTION AND VENUE

5. This Court has jurisdiction over this action and these parties pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. §§ 701-06, and 28 U.S.C. § 1331.

6. Venue lies in this District under 5 U.S. § 552(a)(4)(B) and 28 U.S.C. § 1391, as Plaintiff resides in, and has his principal place of business in, Los Angeles, California.

## THE FOIA REQUEST

7. On June 20, 2018, Professor Kalbers requested in a Freedom of Information Act request ("FOIA Request") that the Department of Justice produce the following records:

   (1) A copy of all reports submitted to the Justice Department by the Monitor under the Plea Agreement in *United States v. Volkswagen*, No. 16-CR-20394 (E.D. Mich.) and the Independent Compliance Auditor under *In Re Volkswagen "Clean Diesel,"* No. MDL 2672 (N.D. Cal.); and

   (2) A copy of all "factual evidence" presented by Jones Day to the Justice Department as the term in used on p. 295 of Volkswagen's 2017 Annual Report.

## THE JUSTICE DEPARTMENT'S RESPONSE

8. The Justice Department failed to notify Plaintiff of its determination within twenty business days of receipt of the FOIA Request, as required by FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

9. When it did respond on July 30, 2018, the Justice Department conceded that it might possess records responsive to Plaintiff's request, but declined to provide any such records pursuant to FOIA.

10. With respect to the reports submitted by the Monitor under the criminal plea agreement and the factual evidence presented by Jones Day ("the Jones Day information), the Justice Department asserted a blanket denial, citing and quoting FOIA Exemption 7(A) without further explanation or elaboration.

11. With respect to the reports submitted by the Compliance Auditor in the civil case, the Justice Department neither asserted any exemption nor agreed to produce any responsive record under FOIA.

12. On August 17, 2018, Professor Kalbers, through counsel, filed an administrative appeal of the July 30, 2018 decision.

13. The Justice Department failed to notify to Plaintiff of its determination on his appeal within twenty business days as required by FOIA, 5 U.S.C. § 552(a)(6)(A)(ii), and, as of the date of this Complaint, still had failed to do so.

## THE VOLKSWAGEN DIESEL CHARADE

14. The purpose of the Clean Air Act and its implementing regulations is to protect human health and the environment by, among other things, reducing emissions of pollutants from new motor vehicles, including nitrogen oxides ("NOx").

15. The Clean Air Act requires the U.S. Environmental Protection Agency ("EPA") to promulgate emissions standards for new motor vehicles. The EPA established standards and test procedures for light-duty motor vehicles sold in the United States, including emission standards for NOx.

16. The Clean Air Act prohibits the manufacturers of new motor vehicles from selling, offering for sale, introducing or delivering for introduction into U.S. commerce, or importing (or causing the foregoing with respect to) any new motor vehicle unless the vehicle complies with U.S. emission standards, including NOx emissions standards, and is issued an EPA certificate of conformity.

17. In 1998, the United States established new federal emissions standards that would be implemented in separate steps, or Tiers. Tier II emissions standards, including for NOx emissions, were significantly stricter than Tier I. For light-duty vehicles, the regulations required manufacturers to begin to phase in compliance with the new, stricter Tier II NOx emissions standards in 2004 and required manufacturers to fully comply with the stricter standards for model year 2007. These strict U.S. NOx emissions standards were applicable specifically to vehicles in the United States.

18. NOx is a family of highly reactive gases that play a major role in the atmospheric reactions with volatile organic compounds that produce ozone in the atmosphere. Breathing ozone can trigger a variety of health problems including chest pain, coughing, throat irritation, and congestion. Breathing ozone can also worsen bronchitis, emphysema, and asthma, and can lead to premature death.

19. Children are at greatest risk of experiencing negative health impacts from exposure to ozone. Additionally, recent scientific studies indicate that the direct health effects of NOx are worse than previously understood, including respiratory problems, damage to lung tissue, and premature death.

20. Control of automobile emissions such as NOx is especially important in protecting human health in major metropolitan areas such as Los Angeles, which lies in the South Coast Air Basin, the most heavily polluted air basin in the country.

21. Approximately 1.2-million people live within 500 feet of a freeway in Southern California, a disproportionately high number of whom identify as minority and/or low income.

22. According to EPA's Environmental Justice web page, approximately 2,000 premature deaths are associated with diesel emissions in the South Coast Air Basin.

23. In 2007, the Volkswagen Group ("Volkswagen") launched "Strategy 2018," an aggressive new initiative with goals such as doubling annual vehicle sales. A key part of that strategy was to vastly expand diesel vehicle sales in the United States.

24. In 2008, Volkswagen rolled out a new diesel model in the United States that it said would achieve high fuel economy and performance while meeting the new strict emission standards.

25. During the manufacturing process of certain diesel models in model years 2009-16, Volkswagen installed software known as a "defeat device," that caused a significant decrease in the level of NOx emissions controlled while the car was being driven in normal vehicle operation. The vehicles were able to pass emission tests in government testing because the defeat device was not engaged while the vehicle was stationery in a test center.

26. Knowing that these diesel vehicles would evade U.S. emissions standards through the defeat device installed in the vehicles' software, Volkswagen made material

misrepresentations about the vehicles to regulators in order to get government certifications to sell the vehicles in the U.S.

27. Volkswagen marketed these diesel vehicles to the American public as "clean diesel" and environmentally-friendly, knowing that they were intentionally designed to detect, evade and defeat U.S. emissions standards.

28. For example, on or about November 18, 2007, one Volkswagen supervisor sent an email to another Volkswagen supervisor and others, attaching three photos of himself with Arnold Swarzenegger, then the Governor of California, which were taken during an event at which the new diesel model was promoted as "green diesel."

29. Approximately 600,000 of the vehicles described herein were sold by Volkswagen in the United States, approximately 85,000 of which were sold in California.

30. Tests later conducted on such vehicles by university researchers while being driven in Southern California revealed that they emitted up to 40 times the legal limit of NOx.

31. After government officials challenged VW about the test disparities, VW engaged in a cover-up and destroyed evidence of the scam.

32. During the years it was installing the defeat devices in vehicles it falsely marketed as "clean diesel," Volkswagen consistently portrayed itself as having an ethical culture, good corporate governance, effective risk management, and a strong commitment to sustainability.

33. Volkswagen's actions resulted in criminal and civil enforcement actions by the U.S. Department of Justice.

34. In the criminal case, Volkswagen pled guilty to conspiracy, obstruction of justice, and entry of goods by false statement.

35. Under the terms of the plea agreement in the criminal case, Volkswagen received a discount of $3.4 billion in its sentence in part on the basis of documentary factual evidence it voluntarily provided to the Department after an investigation by Volkswagen's counsel, Jones Day. This documentary factual evidence constitutes records within the meaning of FOIA.

36. Under the terms of the plea agreement in the criminal case, a monitor was appointed who has submitted reports to the Justice Department. These reports constitute records within the meaning of FOIA.

37. Under the terms of the consent decree in the civil case, an independent compliance auditor was appointed who has submitted reports to the Justice Department. These reports constitute records within the meaning of FOIA.

## CAUSE OF ACTION

38. Plaintiff incorporates by reference and re-alleges Paragraphs 1-37 herein.

39. Defendant's failure to release records sought in the FOIA Request violates the Act.

40. Plaintiff has exhausted all administrative remedies.

41. Plaintiff has a legal right under FOIA to the records requested, and there is no legal basis for Defendant to deprive Plaintiff of that right.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Order Defendant to produce the requested records forthwith;

b. Expedite this proceeding in accordance with 28 U.S.C. §1657;

c. Award Plaintiff his costs and reasonable attorney's fees incurred in this action, including as provided in 5 U.S.C. § 552(a)(4); and

d.  Grant such other relief as the Court may deem just and proper.

Dated: October 1, 2018                    Respectfully submitted,

/s/ _____
Daniel Jacobs
AttorneyJacobs@twc.com
CA Bar No. 295494
P.O. Box 5273
Los Angeles, CA 90296
Telephone: (310) 338-7415
Facsimile: (310) 338-2843
AttorneyJacobs@twc.com

*Attorney for Plaintiff Lawrence P. Kalbers*