Daniel Jacobs
CA Bar No. 295494
ENENSTEIN PHAM & GLASS LLP
12121 Wilshire Blvd., Suite 600
Los Angeles, CA 90025
Telephone: (310) 899-2070
Facsimile: (310) 496-1930
*Attorneys for Plaintiff Lawrence P. Kalbers*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAWRENCE P. KALBERS,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>Defendant. | No. 2:18-CV-8439 FMO (PJWx)<br><br>**JOINT STATUS REPORT**<br><br>Honorable Fernando Olguin<br>United States District Judge<br><br>Honorable Suzanne Segal<br>Special Master |

Plaintiff's Report:

The provisions of the district court's order of February 5, 2021, requiring the production of documents and a Vaughn index by April 5, 2021 (Dkt. 98), have been stayed by the Special Master pending her adjudication of the Justice Department's ("DOJ") late-filed petition on the applicability of Rule 6(e), Fed. R. Crim P. (See Dkt. 113, Order [] Vacating Production Deadline []; Dkt. 131, First Amended Order Re: Schedule for Production of Documents and Vaughn Index.).[1]

As of August 26, 2021, the petition was fully briefed, with DOJ having filed papers totaling 85 pages (see Dkts. 111, 111-1, 111-2, 142, 142-1, 142-2), and Volkswagen having filed an additional 20 pages supporting DOJ (see Dkt. 136), despite Volkswagen's motion for intervention having been denied on October 9, 2020 (Dkt. 79). Thus, the Special Master now has before her *over a hundred pages of argument* advocating a position that the district court previously found to be "overly broad and based on an unreasonable interpretation of Rule 6(e)," as well as "troubling" due to the absence of supporting evidence. (Dkt. 98, Order, at 5-6).[2] Thus, once again DOJ seeks to "relitigate issues that have already been resolved by the court." (See id. at 3)

On October 1, the case will enter its fourth year (see Dkt. 1, Complaint, filed October 1, 2018), with DOJ continuing to make a mockery of its FOIA obligations, orders of this court, and the rules of this court thus far with utter impunity. (See; Dkt. 79, Order of October 9, 2020, at 18; Dkt. 98, Order of February 5, 2021, at

---

[1] The district court subsequently extended the April 5, 2021 production deadline until June 7, 2021, "in light of the fact that the court has not yet appointed a special master." (See Dkt. 106) Plaintiff refers herein collectively to the four petitions filed – one sealed and unsealed in each of two cases now consolidated with the instant case (see Dkt. 125) – as "the petition."

[2] This page count is based on only *one* petition, not the four actually filed.

11; Dkt. 107, Order of April 16, 2021, at 4; each holding that DOJ was not litigating in good faith). Having failed to file any declarations with its petition, DOJ sought and received by means of an *ex parte* application permission for *a full month* to file its reply brief by representing that the extension was needed because of the scheduled annual leave of two members of the defense team (which now includes attorneys from *three* Main Justice litigating divisions and two major U.S. Attorneys Offices). (See Dkt. 132). Having failed to seek time or permission to belatedly file evidence supporting the petition, DOJ, nonetheless filed two declarations with its reply (Dkts. 141-1 and 141-2) in violation of Local Rule 7-5(b), thereby precluding plaintiff from responding to outright falsities therein.[3]

Since appointment of the Special Master, DOJ also has continued to flout the court's orders by deliberately concealing from it both substantive and procedural communications with the Special Master. (See Dkt. 107, Order at 6, ¶ 5 requiring that "[a]ll papers submitted by the parties to the Special Master shall be filed with the court"). First, shortly after the Special Master was appointed, DOJ wrote letters to her – without filing them with the court -- asking that the already-extended June 7, 2021, production deadline imposed by the district judge be vacated or continued. (See Dkt. 110-1) (filed by plaintiff).[4] Then, DOJ wrote a lengthy email to the Special Master –without filing it with the court -- setting out its "understanding" of her first scheduling order. (See Dkt. 135-1) (filed by plaintiff).

---

[3] The 11-page declaration (Dkt. 142-2), a condensed version of DOJ's 33-page summary judgment declaration (Dkt. 71-1), contains falsehoods and reargues issues of fact and law presented during summary judgment proceedings in this case.

[4] The Special Master ultimately vacated the court's production deadline after holding an informal conference with no record. (See Dkt. 113).

In its most recent email to the Special Master -- filed only after plaintiff once again reminded DOJ of the necessity to do so -- DOJ advises the Special Master of the upcoming leave of one of its many attorneys, purportedly so that a hearing on the petition would not be scheduled during that time. (<u>See</u> Exhibit 1). But there has been no hearing on the petition noticed or calendared either by DOJ or the Special Master. Moreover, on each of the three occasions that the Special Master noticed a status conference, she did so only after first checking on counsel's availability.[5] Thus, there was no reason for counsel to apprise the Special Master of her availability, and plaintiff views DOJ's latest informal communication with the Special Master as an thinly-veiled attempt to seek a hearing on the petition without formally noticing it pursuant to Local Rule 6-1, having filed the petition in the Eastern District of Michigan.

<u>Defendant's Report</u>:

In accordance with the Court's Order Re: Appointment of Special Master (ECF 107, at 7 [¶ 7]), Defendant hereby provides Defendant's September 2021 status report.

A. <u>BACKGROUND</u>

On June 28, 2021, the Special Master filed an Order Re: Schedule for Production of Documents and *Vaughn* Index. (ECF 124.) As part of the Order, the

---

[5] Of course, if this or any other hearing is held, it should be on the record and open to the public (whether held electronically or in person). In light of DOJ's past egregious conduct in this case and recent misrepresentations with respect to the three status conferences with the Special Master for which there is no formal record (<u>see</u> Dkt. 141 at 4, n.2), plaintiff objects to holding further such status conferences without a record.

Special Master set the following schedule in regard to briefing the United States Petition Re: Grand Jury Material (ECF 111-1):

> No later than 30 days after the Petitions (originally filed in the Eastern District of Michigan) are assigned to the Special Master, Plaintiff and/or any other interested parties shall file a Response as contemplated by Rule 6(e)(3)(F); any Reply shall be filed no later than 14 days from service of the Response, if a Reply is necessary. The Special Master will subsequently issue an order resolving the Petitions.

*See* Order (ECF 124), at 1:21-26.

On July 6, 2021, this Court issued an Order Re: Consolidation (ECF 125), which consolidated this case with *U.S. v. James Robert Liang, et al.*, CV 21-4558 ("*Liang*") and *U.S. v. Richard Bauder, et al.*, CV 21-4559 ("*Bauder*"). The Order referred all matters pending in *Liang*, CV 21-4558 and/or *Bauder*, CV 21-4559, including the Petitions Re: Grand Jury Material filed in those cases, to the Special Master.

B. PROCEEDINGS IN THE LAST SIXTY (60) DAYS

1. Defendant's Motion for Review

On July 12, 2021, Defendant filed a Motion for Review, seeking modifications to the Special Master's Order (ECF 124). Shortly thereafter, on July 15, 2021, the parties filed their first Status Report (ECF 127), and also participated in a telephone conference with the Special Master, to discuss the issues raised in Defendant's Motion for Review.

On July 19, 2021, the Special Master issued a First Amended Order Re: Schedule for Production of Documents and *Vaughn* Index ("Amended Order"). (*See* ECF 131.) As the Amended Order resolved the issues raised by Defendant's

Motion for Review, Defendant withdrew its Motion on July 20, 2021, before any opposition was due. (ECF 128.)

2. Briefing on the Petitions

On July 22, 2021, Defendant requested Plaintiff's agreement to a one-week extension for Defendant's reply in regard to the briefing of the Petitions, as both ENRD counsel and defense counsel were scheduled to be on leave the week of August 9, 2021, when any Responses to the Petition would be due. (ECF 132.) Although Plaintiff originally agreed to the extension, he proposed additional revisions to the Special Master's Amended Order, including advancing the deadlines that followed a ruling on the Petitions. On July 26, 2021, Plaintiff withdrew his consent to the extension and notified Defendant that he intended to file a Motion for Review of the Special Master's First Amended Order. (*Id.*)

On July 27, 2021, in accordance with the Special Master's First Amended Order (ECF 131), Defendant sought a conference with the Special Master. The Special Master set a conference for August 3, 2021.

Before the conference, Plaintiff filed an Opposition to the Petitions (ECF 129) on July 30, 2021, and a Motion for Review (ECF 130) on August 2, 2021, making Defendant's responses due while defense counsel was on vacation. In addition, on July 31, 2021, Plaintiff's counsel sent an email regarding this matter directly to DOJ leadership, including Deputy Attorney General Lisa Monaco, Associate Attorney General Vanita Gupta, and the Director of the Executive Office for United States Attorneys, Monty Wilkinson. (*See* ECF 133-4.)

On August 3, 2021, the Special Master conducted a two-hour conference call with the parties. The parties could not reach any agreement.

Accordingly, on August 4, 2021, Defendant filed an *ex parte* application seeking an extension until August 30, 2021, for Defendant's Reply to the Petitions.

(ECF 132, 133). Plaintiff opposed. (ECF 135.) The Special Master granted the extension on August 6, 2021. (ECF 137.)

On August 30, 2021, Defendant filed a Reply in support of United States Petition Re: Grand Jury Material. (ECF 142.) The Petitions are currently pending before Special Master Segal. Pursuant to the Amended Order (ECF 131), "[t]he Special Master will subsequently issue an order resolving the Petitions." Should the Special Master decide to set a hearing, defense counsel has provided notice to the Special Master and all other parties, regarding her availability and/or an alternative contact while she is on leave. *See* Notice, filed September 9, 2021 (ECF 144).

3. Plaintiff's Motion for Review

As set forth above, on August 2, 2021, Plaintiff filed a Motion for Review before this Court, seeking to advance the deadlines for both the initial index of "tagged records" (consisting of over 720,000 pages) and the *Vaughn* index for the initial 281 records to September 2, 2021. (ECF 130-2.)

After the Special Master granted Defendant's *ex parte* application in regard to the Petitions, the parties then stipulated to a one-week continuance in regard to the Motion for Review. (ECF 138.) This Court granted the Stipulation. (ECF 139.)

On August 19, 2021, Defendant filed an Opposition to the Motion for Review. (ECF 140.) Plaintiff filed a Reply on August 26, 2021. (ECF 141.) On August 30, 2021, the Court denied Plaintiff's Motion for Review. (ECF 143.)

4. Next Steps

Once the Special Master resolves the Petition, the First Amended Order (ECF 131) requires the following: "Within 14 days of the Special Master's ruling on the Petitions, DOJ shall fully comply with the District Judge's February 5, 2021 order (Dkt. 98) with respect to all 281 records listed in Defendant's index of records filed on October 1, 2019 (Dkt. 51-1) ("10/1/19 Index"), i.e. DOJ shall

1 either produce the records to Plaintiff or submit a revised *Vaughn* index regarding
2 documents withheld from the 281 records in compliance with the Court's prior
3 orders."

Dated: September 13, 2021     Respectfully submitted,

/s/
Daniel Jacobs
CA Bar No. 295494
ENENSTEIN PHAM & GLASS LLP
12121 Wilshire Blvd., Suite 600
Los Angeles, CA 90025
Telephone: (310) 899-2070
Facsimile: (310) 496-1930
*Attorneys for Plaintiff Lawrence P. Kalbers*

Dated: September 13, 2021

TRACY L. WILKISON
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section,
Civil Division

/s/
ALARICE M. MEDRANO
Assistant United States Attorney
Attorneys for Defendant,
United States Department of Justice