E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section, Civil Division
ALARICE M. MEDRANO (Cal. Bar No. 166730)
Assistant United States Attorney
      Federal Building, Suite 7516
      300 North Los Angeles Street
      Los Angeles, California 90012
      Telephone: (213) 894-0460
      Facsimile: (213) 894-7819
      E-mail: Alarice.Medrano@usdoj.gov

Attorneys for Defendant, United States
Department of Justice

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LAWRENCE P. KALBERS,<br><br>           Plaintiff,<br><br>      v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>           Defendant. | No. 2:18-cv-08439-FMO-PJW<br><br>DEFENDANT DOJ'S OPPOSITION TO PLAINTIFF'S MOTION FOR REVIEW (ECF 208)<br><br>Honorable Fernando M. Olguin<br>United States District Judge |

## I.    INTRODUCTION

Defendant United States Department of Justice ("DOJ") hereby opposes Plaintiff's Motion for Review of the Special Master's Second Amended Order Re: Schedule for Production of Documents and *Vaughn* Index (ECF 208). This is the third motion filed before this Court by Plaintiff, in the last ninety days, seeking to involve the Court in scheduling matters assigned to, and addressed by, the Special Master. As set forth below, the parties have timely complied with all Court Orders and the Special Master has set a

1

schedule to move this case forward, consistent with this Court's Orders. *See* ECF 204-1. DOJ is in the midst of preparing the brief required by this Court's recent August 31, 2022 Order and the Special Master's September 1, 2022 Order, and complying with all remaining deadlines. However, rather than focus on those tasks, Defendant has now had to expend significant time and resources on further responding to the additional motions filed by the Plaintiff.

## II.    PROCEDURAL HISTORY

### A. The Special Master's Scheduling Order

In June 2021, after requesting and receiving proposals for further proceedings from the parties (ECF 113, 115-118), the Special Master issued an Order re: Schedule for Production of Documents and *Vaughn* Index. (ECF 124.) In August 2021, the Special Master issued an Amended Order re: Schedule. (ECF 131.) Both Orders provide for the Petitions that DOJ filed under Fed. R. Crim. P. 6(e)—which have the potential to narrow the remaining issues in the FOIA litigation substantially—to be resolved *before* DOJ is required to produce records or further *Vaughn* indexes in response to Plaintiff's FOIA request. Once the Petitions are resolved, the Orders direct DOJ to comply with this Court's Order (ECF 98) in a series of disclosures and *Vaughn* indexes, beginning with the 281 records listed in Defendant's original index of records (ECF 51-1), and continuing with the indexing of the remaining records in groups and proposals for sampling of those records. The schedule contemplates that each production will inform the next and allow for a more streamlined processing/release of documents.

On August 2, 2021, Plaintiff filed a Motion for Review (ECF 130) of the Special Master's amended scheduling order. He argued that "the petitions should be considered not in advance of, but contemporaneously with, all other [FOIA] exemptions," and asked the Court to require DOJ to submit an updated *Vaughn* index within 30 days. (ECF 130-2.) On August 30, 2021, the Court denied Plaintiff's motion, finding that the Special Master had not abused her discretion in directing that the Petitions be resolved before DOJ was required to produce records or an updated *Vaughn* index. (ECF 143.)

However, because the Amended Order was issued before VW became a party in this case and did not provide for VW's participation in the briefing schedule it established, in December 2021, VW requested an amended scheduling order (ECF 165). In January 2022, Plaintiff submitted an alternate proposal (ECF 171). The Special Master took this matter under submission, while the Petitions remained pending.

While the proposals from VW and Plaintiff differed as to certain briefing deadlines, they continued to follow the same general sequencing of production deadlines as the original scheduling order. Under both parties' proposals, the deadlines for production of records and *Vaughn* indexes would follow this Court's final ruling on the Petitions.

B.  The Petitions

On July 6, 2021, this Court issued an Order Re: Consolidation (ECF 125), which consolidated this case with *U.S. v. James Robert Liang, et al.*, CV 21-4558 ("*Liang*") and *U.S. v. Richard Bauder, et al.*, CV 21-4559 ("*Bauder*"). The Order referred all matters pending in *Liang*, CV 21-4558 and/or *Bauder*, CV 21-4559, including the Petitions Re: Grand Jury Material filed in those cases, to the Special Master. Thereafter, VW entered notices of appearance in the case. (ECF 146-151.)

Following the referral of the Petitions to the Special Master, Plaintiff filed a response on July 30, 2021 (ECF 129), VW filed a response on August 5, 2021 (ECF 136), and Defendant file a reply on August 30, 2021 (ECF 142). There was no hearing before the Special Master in regard to the Petitions.

On November 5, 2021, the Special Master submitted a Report and Recommendation Re: Defendant's Petitions to this Court, pursuant to Fed. R. Civ. P. 53. (ECF 152.) DOJ objected to the Report, requested an opportunity to be heard, and asked the Court to grant the Petitions or to resubmit this matter to the Special Master for reconsideration. (ECF 159.) VW objected as well. (ECF 161.) Plaintiff filed a response to the objections (ECF 162) and DOJ and VW filed replies (ECF 170, 180). The matter remained under submission.

C. <u>Plaintiff's Recent Motions</u>

1. <u>Motion for Expedited Consideration</u>

On August 25, 2022, Plaintiff filed the first of three recent motions: a "Motion for Expedited Consideration" (ECF 189) seeking to alter the scheduling order established by the Special Master (ECF 131). Subsequently, on August 31, 2022, this Court issued a Minute Order Re: Objections to Special Master's R&R, ordering the Special Master to direct the parties to address certain issues related to the Petitions, and further, to set a deadline for a revised *Vaughn* Index. (ECF 190.)

On September 1, 2022, in accordance with this Court's Order, the Special Master directed the parties to meet and confer by September 16, 2022, to establish a briefing schedule for the items described in the Court's August 31, 2022 Order; and submit either joint or separate stipulation(s)/ proposed order(s) by September 28, 2022. (ECF 196-1.)

The same day, Plaintiff filed a Notice of Lodging, along with a [Revised Proposed] Second Amended Order Re: Schedule for Production of Documents and *Vaughn* Index (ECF 193), which was not consistent with the Court's Order or the Special Master's Order. Plaintiff's [Revised Proposed] Order eliminated all references to the Petitions, even though they remained pending, and it did not provide for the additional briefing on the Petitions that the Court's Order had directed the Special Master to have the parties submit. (ECF 193-1.) Plaintiff calendared his motion for October 6, 2022. (ECF 189.) On October 3, 2022, the Court took the hearing off calendar and took the matter under submission. (ECF 202.)

2. <u>Plaintiff's Motion to Limit VW's Intervention</u>

On October 13, 2022, Plaintiff filed his second motion: a "Motion to Limit VW's Intervention" (ECF 203), seeking to impose limitations on VW's participation in this case. The only claim that Plaintiff made as to how VW had exceeded its appropriate role in the FOIA litigation concerned VW's request for a scheduling order that accommodated its participation in briefing or challenge to the disclosure of records.

\\\

On October 17, 2022, the Special Master issued a Second Amended Scheduling Order Re: Schedule for Production of Documents and *Vaughn* Index. (ECF 204-1.) Again, the Schedule followed the same general sequencing of production deadlines as the original Schedule. However, it inserted deadlines for supplemental briefing on the application of Rule 6(e) of the Federal Rules of Criminal Procedure required by this Court's Order as follows:

- Within 30 days of the Order (November 16, 2022), all parties brief (a) governing law and (b) applicability of *Dynavac* to the Petitions.
- Within 10 days of that briefing (Monday, November 28, 2022), all parties file replies to that briefing.

(ECF 204-1.) The Order then recognized that, once the Special Master issued a Report and Recommendation addressing the issues that the parties had been directed to address regarding the Petitions, the parties would have an opportunity to object to that Report, and the Order set deadlines for objections and responses. (ECF 204-1.) Thereafter, once this Court issues a final order on the Report and Recommendation, the schedule for the remaining productions/*Vaughn* indexes resume. (ECF 204-1.) The Schedule also allows an opportunity for VW to file objections to disclosure of its records at each stage of production. (*See* ECF 204-1.)

Plaintiff had calendared the Motion to Limit VW's Intervention for hearing on November 10, 2022. (ECF 203.) DOJ's response was due on October 20, 2022, shortly after the Special Master had issued amended scheduling order. Because Plaintiff's motion had focused primarily on how the schedule would address VW's participation, DOJ's response noted that the motion could be regarded as moot in light of the amended scheduling order. (ECF 207.)

Plaintiff did not withdraw the motion. On November 4, 2022, the Court took the motion off calendar and under submission. (ECF 210.)

\\\

\\\

### 3. Plaintiff's Motion for Review

On October 27, 2022, Plaintiff filed a third motion: a "Motion for Review of Special Master's Second Amended Order Re: Schedule for Production of Documents and *Vaughn* Index," seeking once again to challenge the Special Master's schedule, and, in particular her decision to postpone production of documents until the Petitions had been resolved. (ECF 208.) Plaintiff filed the identical brief as his reply on the Motion to Limit VW's Intervention and as his supporting brief for his motion for review. (*Compare* ECF 208-1 *and* ECF 209.) The Proposed Order that Plaintiff submitted did not specify what changes he wanted made to the scheduling order that he was challenging but instead merely directed the Special Master "to adopt Professor Kalbers' proposal." (ECF 208-3.) That "proposal"—like Kalbers' multiple other proposals—again reversed the Special Master's determination that the Petitions should be resolved before the production deadlines were triggered.

### III.   ARGUMENT

As Defendant has repeatedly pointed out to Plaintiff, this Court's Order appointing the Special Master granted Judge Segal broad authority over this case. The Order states that "[t]he Special Master's authority shall be defined as stated in Rule 53(c) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 53(c)(1) (providing, inter alia, that Special Master has authority to "regulate all proceedings;" "take all appropriate measures to perform the assigned duties fairly and efficiently;" and "if conducting an evidentiary hearing, exercise the appointing court's power to compel, take, and record evidence"). The Special Master's authority includes, but is not limited to: (a) setting deadlines and requirements for compliance plaintiff's FOIA Request; (b) ruling on the parties' disputes relating to the applicability of any FOIA exemptions taking into account the court's previous rulings; (c) ruling on motions for attorney's fees and/or shifting of the special master's fees and costs; (d) any other issues the court may determine are appropriate; and (e) conducing settlement proceedings at the request of the parties or the court." (ECF 107, at 5, ¶ 2.)

Pursuant to Fed. R. Civ. P. 53(f)(5), "[u]nless the appointing order establishes a different standard of review, the court may set aside a master's ruling on a procedural matter only for an abuse of discretion." The Court's Order's confirms this standard: "[T]he court, in considering any motion for review, will apply the applicable standard set forth in Rule 53(f)."  (ECF 107, at 6 ¶ 4.)

Here, Plaintiff's repeated motions essentially challenge the schedule established by the Special Master. However, this duty is clearly contemplated by the Court's Order as set forth above and is properly within the Special Master's discretion. Moreover, Plaintiff's Motion for Review fails to even address the abuse of discretion standard in relation to the Second Amended Scheduling Order.

As set forth above, the Special Master's Second Amended Scheduling Order closely follows the original scheduling, adding only further briefing on the Rule 6(e) issue as directed by this Court's August 31, 2022 Order, and an opportunity for VW to oppose the release of documents within the schedule. This is certainly not an abuse of the Special Master's discretion. "An abuse of discretion is a plain error, discretion exercised to an end not justified by the evidence, a judgment that is clearly against the logic and effect of the facts as are found."  *Amerine* v. *DWS, Inc.*, 2018 WL1626084, at *3 (C.D. Cal. Apr. 2, 2018) (Wright, J.) (quoting *Rabkin* v. *Oregon Health Scis. Univ.*, 350 F.3d 967, 977 (9th Cir. 2003)).  "Under the abuse of discretion standard, a reviewing court should 'reverse only if [it is] convinced firmly that the reviewed decision lies beyond the pale of reasonable justification under the circumstances.'" *Amerine*, 2018 WL1626084, at *3 (quoting *McCollough* v. *Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 953 (9th Cir. 2011). As set forth above, the limited amendments in this case do not rise to that standard.

\\\
\\\
\\\
\\\

7

## IV. CONCLUSION

For the reasons set forth above, DOJ respectfully requests that the Court deny Plaintiff's Motion to Review.

Respectfully submitted,

Dated: November 10, 2022

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section, Civil Division

*/s/ Alarice M. Medrano*

ALARICE M. MEDRANO
Assistant United States Attorney

Attorneys for Defendant, United States Department of Justice