Daniel Jacobs
AttorneyJacobs@twc.com
CA Bar No. 295494
P.O. Box 5479
Irvine, California 92616
Telephone: (949) 824-1076

Anne L. Weismann (*pro hac vice*)
5335 Wisconsin Ave., N.W., Suite 640
Washington, D.C. 20015
Telephone: (301) 717-6610

*Attorneys for Plaintiff Lawrence P. Kalbers*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE P. KALBERS,<br><br>Plaintiff,<br><br>v<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>Defendant,<br><br>VOLKSWAGEN AG,<br><br>Intervenor. | No. 2:18-CV-8439 FMO (PJWx)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S REQUEST FOR EXTENSION OF TIME IN WHICH TO OBJECT TO SPECIAL MASTER'S REVISED REPORT AND RECOMMENDATION**<br><br>Honorable Fernando Olguin<br><br>Special Master Suzanne Segal |

The Department of Justice ("DOJ" or "Defendant") has belatedly requested an extension of time in which to file any objection to the Special Master's Revised

1

Report and Recommendation filed November 28, 2023 (Dkt. 253-1). The request should be rejected for the following reasons:

1. In her Revised Report and Recommendation, the Special Master twice gives the parties notice that any objections to that Report and Recommendation must be filed within fourteen (14) days. (Dkt. 253-1 at 2, 28). Accordingly, the deadline is December 12, 2023, and Professor Jacobs' opposition is due December 19, 2023. (L.R. 7-9).

2. The 14-day deadline imposed by the Special Master complies with the District Court's Order Re: Appointment of Special Master: "Any party wishing to file objections to any order, decision or recommendation issued by the Special Master shall file those objections in the form of a Motion for Review of Special Master's Order no later than 14 calendar days from the date of issuance of the Special Master's order, decision and/or recommendation." (Dkt. 107 at 6).

3. The District Court's Initial Standing Order provides that "Requests for continuances will not be granted routinely." Indeed, even when the parties agree to an extension, a "stipulation to continue the date of any matter must be supported by a detailed declaration that demonstrates good cause as to why the change in date is essential." (Standing Order at 9).

4. Here, Defendant has failed to comply with the Standing Order by failing to support the belated request by means of a declaration and by failing to demonstrate good cause. Most conspicuously, Defendant fails to state whether it is even planning to file an objection to the Revised Report and Recommendation.

5. Nor could Defendant demonstrate good cause considering that the primary issue addressed by the Special Master's Revised Report and Recommendation has already received some 400 pages of briefing over the course of the last four years. Thus, the issue presumably is very familiar to the DOJ officials who have been addressing it during that time.

6. The District Court's Initial Standing Order (at 9) also provides: "Counsel must submit any request for a continuance or extension **"no later than five (5) court days prior to the expiration of the scheduled date."** (emphasis original). DOJ has failed to comply with the Standing Order by filing its request only **two (2) court days** prior to the expiration of the scheduled date.

7. Defendant also failed to comply with the letter and/or spirit of Local Rule 7.3 by failing to meet and confer with Professor Kalbers regarding its request. Rather, Defendant abruptly informed Professor Kalbers that it would be filing a request approximately 90 minutes before it was filed.

8. Although the Special Master tracked Rule 53(f)(3), Fed. R. Civ. P., in initially setting a 21-day deadline rather than a 14-day deadline in an earlier scheduling order, the text of the rule clearly provides that objections are due to a report or recommendation "no later than 21 days after a copy is served, **unless the court sets a different time**." (emphasis added). Thus, the District Court and the Special Master were well within their rights to set a 14-day deadline.

9. The Special Master gave the parties fair notice of the deadline on November 28, 2023, superseding the earlier scheduling order, just as she has previously superseded the provisions of other scheduling orders.

10. As a practical matter, Counsel for Professor Kalbers has tailored his schedule to the 14-day deadline, and is planning to respond to any objection by December 19, 2023, the day before the undersigned is scheduled to leave the country (as he previously advised opposing counsel). Were Defendant's extension to be granted, any objection to the Revised Report and Recommendation would be due on December 19, 2023, and Professor Kalbers' opposition due December 26, 2023 (L.R. 7-9) or January 2, 2024 (if the Special Master's superseded schedule were to be followed), both dates on which the undersigned is out of the country.

11. Counsel for Professor Jacobs is currently scheduled to return to the office on January 8, 2024, and to then turn his attention to other matters, including preparation for an evidentiary hearing scheduled on January 31, 2024. It is grossly unfair for the Department of Justice to demand last-minute schedule changes that impact on him, especially given its immense resources and longstanding familiarity with the issues.

12. Time is of the essence in providing Professor Kalbers with the long-awaited records. Additional delay is unwarranted.

Professor Kalbers therefore respectfully requests that the Special Master deny Defendant's request to extend the deadline for objecting to her Revised Report and Recommendation.

Dated: December 8, 2023         Respectfully submitted,

/s/ *Daniel Jacobs*
Daniel Jacobs
Anne L. Weismann (*pro hac vice*)
*Attorneys for Plaintiff Lawrence P. Kalbers*

4