Michael H. Steinberg (CSB No. 134179)
steinbergm@sullcrom.com
SULLIVAN & CROMWELL LLP
1888 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 712-6600
Facsimile: (310) 712-8800

*Attorneys for Intervenor Volkswagen AG*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE P. KALBERS,<br>    Plaintiff,<br><br>        v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>    Defendant,<br><br>        v.<br><br>VOLKSWAGEN AG,<br>    Intervenor | No. 2:18-CV-8439 FMO (PJWx)<br><br>**JOINT STATUS REPORT**<br><br>Honorable Fernando Olguin<br>United States District Judge<br><br>Honorable Suzanne Segal<br>Special Master |

**Professor Kalbers' Status Report:**

The Freedom of Information Act ("FOIA") request ("Request") at issue in this historic case was submitted to the U.S. Department of Justice ("DOJ") **on June 20, 2018.** (See Dkt. 71-8). Item two of the Request, which relates to the Volkswagen diesel emission scandal that unfolded publicly in September 2015, seeks: "A copy of all 'factual evidence' presented by Jones Day to the Justice Department as the term i[s] used on p. 295 of Volkswagen's 2017 Annual Report." (See Id.; Dkt. 79, Order, at 14). DOJ summarily denied the Request, leading to suit being filed on **October 1, 2018** (Dkt. 1).

1

1  Professor Lawrence Kalbers, now 71 and on research sabbatical, is little closer today to
2  obtaining that evidence than he was **five years ago**.[1]
3      In those five years, DOJ has failed to produce any of the referenced records or
4  even a bona fide Vaughn index, notwithstanding court orders 1) requiring their
5  production; 2) thrice finding that DOJ was not litigating in good faith; and 3) warning of
6  the imposition of sanctions. (See Dkt. 79, Order of October 9, 2020 at 18; Dkt. 98, Order
7  of February 5, 2021 at 11; Dkt. 107, Order of April 16, 2021 at 4). Instead, in May 2021,
8  DOJ filed a petition in the Eastern District of Michigan ("EDMI") in an effort to have
9  that court overturn this court's February 5, 2021 ruling relating to DOJ's wholesale
10 claim of grand jury secrecy. (See Dkt. 98, Order, at 4-8; Dkt. 111-1, Petition). The
11 progress of this case has remained stalled ever since with repeated and redundant
12 briefing sought by DOJ nearing the 400-page mark on the very same argument that the
13 court found both "troubling" and "unreasonable" in its February 5, 2021 order (Dkt. 98,
14 Order, at 5-6).
15     In the most recent conference before the Special Master on September 8, 2023,
16 Professor Kalbers pointed out that the delay brought on by the filing of the rogue EDMI
17 petition has been severely prolonged by DOJ's assertion to her that the petition should be
18 adjudicated under Sixth Circuit law even after being transferred to the Central District of
19 California (See Dkt. 219, Plaintiff's Response to Supplemental Memoranda Re:
20 Defendant's Rogue Petitions, at 5-8). Professor Kalbers also pointed out that DOJ's
21 belated attempt to brief burdensomeness amounted to a prohibited "back door" second
22 summary judgment motion. (See Dkt. 246, Plaintiff's Reply Memo Addressing
23 Outstanding Legal Issues, at 5-9).
24     With time truly of the essence, on September 6, 2023, Professor Kalbers filed with

---

[1] Professor Kalbers began a 12-month research sabbatical in August 2023 during which he hopes to advance his research on the Volkswagen diesel emissions scandal. See Dkt. 240-1, Declaration of Lawrence P. Kalbers, PhD.), at ¶¶5-6. Given Professor Kalbers' age, it is very likely that he will not have another sabbatical prior to his retirement. Id. at ¶6.

2

the Special Master a request to expedite the proceedings in accordance with 28 U.S.C. § 1657. (Dkt. 249, Request). See also First Amendment Coalition v. U.S. Dep't of Justice, 878 F.3d 1119, 1129 (9th Cir. 2017); Fiduccia v. U.S. Dep't of Justice, 185 F.3d 1035, 1041 (9th Cir. 1999) (both discussing importance of timely responses to FOIA requests). In that request, Professor Kalbers asked that the Special Master order DOJ to release forthwith the first tranche of 281 responsive records that it identified in the *faux* Vaughn index filed nearly four years ago (Dkt. 51-1), along with a compliant Vaughn index. (Dkt. 249, Request, at 2-3). The Special Master has yet to rule on the September 6 request to expedite.

       1.   Status of DOJ's Rogue Petitions

The so-called Rule 6(e), Fed. Crim. P., petitions that DOJ filed on May 24, 2021 in the EDMI (Dkt. 111-1) were promptly transferred to this District. Over Professor Kalbers' objection, compliance with the Court's February 5, 2021 production order (Dkt. 98) remains effectively stayed by orders of the Special Master pending the ultimate resolution of the petitions -- and an extraordinary amount of associated briefing. (See Dkt. 113, 124, 131, 156-1, 204-1). Following initial briefing by the parties (Dkts. 129, 136, 142), additional briefing ensued on the objections to the Special Master's initial Report and Recommendation filed by DOJ and Volkswagen. (Dkts. 159, 160, 170, 179, 180). Further briefing ordered by the Special Master under the Court's August 31, 2022 order (Dkt. 190) was complete as of November 28, 2022. (See Dkts. 214, 215, 216, 219, 220, 221). By Order of May 16, 2023 (Dkt. 239), the Special Master then ordered two rounds of additional briefing (i.e., opening and reply briefs) on the petitions and other issues.

On November 28, 2023, the Special Master filed a revised Report and Recommendation (Dkt. 253-1). DOJ and Volkswagen have again filed objections that are pending with the Court (Dkts. 257, 258). Professor Jacobs intends to respond to those objections by January 18, 2023.

Status of DOJ production of responsive documents

To date, notwithstanding multiple orders by the court requiring the production of the records, DOJ has yet to produce a valid Vaughn index or any of the documents provided to DOJ by Jones Day on Volkswagen's behalf. In its order of October 9, 2020, the court denied DOJ's summary judgment motion, ordered the production of all responsive records, and allowed DOJ a "redo" on its invalid Vaughn index. (Dkt. 79). By Order of February 5, 2021, the court ordered DOJ to produce all responsive documents and a valid Vaughn index no later than April 5, 2021, carefully prescribing the required content of that index. (Dkt. 98). By Order of April 16, 2021, the court warned DOJ that "the only thing left at this point is for the government to comply with its FOIA obligations and the court's orders." (Dkt. 107, Order at 5).

As noted above, DOJ's filing of the rogue petitions the very next month has effectively stalled the case ever since.

2. Production of First Volkswagen Monitor's Report

Item one of the Request seeks production of reports submitted to DOJ by a monitor hired by Volkswagen. On June 27, 2022, in a parallel case brought by *The New York Times,* the U.S. District Court for the Southern District of New York, entered an order finding that DOJ had over-redacted the first Volkswagen Monitor's Report (which was covered by this court's earlier production order). The New York Times v. DOJ, No. 19 CIV. 1424 [KFP] [Dkt. 68]. The court required DOJ to produce another version of the Report that included limited disclosure of information improperly withheld under FOIA Exemption 5 and disclosure of information improperly withheld under FOIA Exemption 4, (see id.), later extending the deadline for that production until September 2, 2022. DOJ produced the redacted first report to plaintiff on September 2, 2022, but has yet to produce any portion of the Monitor's subsequent reports.

*The New York Times* case, which is now limited to the Monitor's Report, is currently on appeal to the U.S. Court of Appeals for the Second Circuit. (No. 22-2232). DOJ argued in recent briefing papers that *The New York Times* limited its case to the

4

1  Monitor's Report as a result of DOJ's claim that the records produced by Jones Day
2  were subject to grand jury secrecy. (See Dkt. 241-1, Decl. of Judy Harvey, at 55; Dkt.
3  241, Defendant DOJ's Opening Brief Re: Outstanding Legal Issues, at 16 n.10). This
4  argument drew a strong retort from the *The New York Times* Senior Vice President and
5  General Counsel. (See Declaration of David McCraw at ¶ 5; Dkt. 246, Plaintiff's Reply
6  Memo of Law Addressing Outstanding Legal Issues, at 7 n. 5).

7  **Volkswagen AG's & DOJ's Joint Status Report:**

8  Volkswagen AG ("VW") and the Department of Justice ("DOJ") provide the
9  following status update in accordance with the Court's April 16, 2021 Order (ECF No.
10 107 at 7):

11 **Defendant's Petitions Regarding Grand Jury Material Sought in FOIA**
12 **Litigation ("Petitions"):** DOJ's Petitions remain pending.  On November 28, 2023 the
13 Special Master issued a Revised Report and Recommendation re: Defendant's Petitions
14 Regarding Grand Jury Material Sought in FOIA Litigation (the "Revised Report").
15 (ECF No. 253-1).  The Revised Report recommended that the Court deny the Petitions.
16 In the Revised Report, the Special Master found that (i) VW's confidential business
17 records obtained by DOJ pursuant to a grand jury subpoena are agency records within
18 the meaning of FOIA (*id.* at 10); (ii) VW's records produced pursuant to a grand jury
19 subpoena are not protected from disclosure by Rule 6(e) of the Federal Rules of Criminal
20 Procedure (*id.* at 19); (iii) "Plaintiff's FOIA request imposes a burden" on DOJ and VW,
21 but declined to recommend denial of Plaintiff's FOIA request on that basis (*id.* at 25);
22 (iv) the Court has authorized the release of records responsive to Plaintiff's FOIA
23 request "subject to DOJ's invocation of exemptions to be asserted in a *Vaughn* index"
24 (*id.* at 28); and (v) the sealed transfer order issued by the United States District Court for
25 the Eastern District of Michigan transferring the Petitions to this District, as well as the
26 sealed Petitions filed in that court, should be unsealed (*id.*).  The Special Master further
27 recommended that the parties meet and confer regarding a protocol for the review and
28

production of records and propose a joint protocol "designed to reduce the burden on the producing and reviewing parties." (*Id.* at 29.)

On December 19, 2023 VW and DOJ filed objections to the Revised Report. (ECF No. 257 (DOJ's objections); ECF No. 258 (VW's objections).) Any response to those objections is due on January 18, 2024. (ECF No. 256-1.)

**The Requested Monitor Report and Related *New York Times* FOIA Case:** On June 30, 2022, VW submitted a notice to inform the Court of a recent decision of the United States District Court for the Southern District of New York in a similar action brought pursuant to FOIA, styled *The New York Times Company* v. *United States Department of Justice*, No. 1:19-cv-01424 (S.D.N.Y.). (ECF No. 187.) Relying primarily on FOIA Exemption 5, the District Court issued a decision on June 27, 2022, substantially upholding DOJ's determination to withhold significant portions of a March 30, 2018 report issued by the Independent Compliance Monitor (the "Monitor") appointed pursuant to VW's Rule 11 Plea Agreement in *United States* v. *Volkswagen AG*, No. 2:16-CR-20394 (E.D. Mich.). The District Court thus ordered only limited disclosures of information in the Monitor report. The District Court's decision is relevant to this action because Plaintiff here has requested the same Monitor report. (*See* Compl. ¶ 7.) The District Court's ruling does not address any of the other documents requested by Plaintiff, including documents produced by VW in response to a grand jury subpoena.

On September 2, 2022, DOJ released additional portions of the Monitor report pursuant to the District Court's June 27, 2022 Order in *The New York Times* case, including to Plaintiff in this case. On September 28, 2022, the New York Times filed notice of appeal of the District Court's June 27, 2022 decision, and that appeal is now fully briefed. *See The New York Times Co.* v. *United States Department of Justice*, No. 22-2232 (Jan. 6, 2023 2d Cir.) On December 18, 2023 the Second Circuit scheduled oral argument for February 15, 2024. (ECF No. 104.)

6

| | |
|---|---|
| Dated: January 12, 2024 | Respectfully submitted, |
| | /s/ _____<br>Daniel Jacobs<br>CA Bar No. 295494<br>P.O. Box 5479<br>Irvine, California 92616<br>Telephone: (949) 824-1076 |
| | Anne L. Weismann (*pro hac vice*)<br>5335 Wisconsin Ave., N.W., Suite 640<br>Washington, D.C. 20015<br>(301) 717-6610 |
| | *Attorneys for Plaintiff Lawrence P. Kalbers* |
| Dated: January 12, 2024 | E. MARTIN ESTRADA<br>United States Attorney<br>DAVID M. HARRIS<br>Assistant United States Attorney<br>Chief, Civil Division<br>JOANNE S. OSINOFF<br>Assistant United States Attorney<br>Chief, Complex and Defensive Litigation Division |
| | /s/  Alarice M. Medrano<br>ALARICE M. MEDRANO<br>Assistant United States Attorney |
| | Attorneys for Defendant, United States Department of Justice |

| | |
|---|---|
| Dated:  January 12, 2024 | /s/  Andrew J. Finn |
| | Robert J. Giuffra, Jr. (*pro hac vice*) |
| | giuffrar@sullcrom.com |
| | Suhana S. Han (*pro hac vice*) |
| | hans@sullcrom.com |
| | Andrew J. Finn (*pro hac vice*) |
| | finna@sullcrom.com |
| | SULLIVAN & CROMWELL LLP |
| | 125 Broad Street |
| | New York, New York  10004 |
| | Telephone:  (212) 558-4000 |
| | Facsimile:   (212) 558-3588 |
| | |
| | Michael H. Steinberg (CSB No. 134179)[2] |
| | steinbergm@sullcrom.com |
| | SULLIVAN & CROMWELL LLP |
| | 1888 Century Park East, Suite 2100 |
| | Los Angeles, California  90067 |
| | Telephone:  (310) 712-6600 |
| | Facsimile:   (310) 712-8800 |
| | |
| | *Attorneys for Volkswagen AG* |

---

[2] In accordance with Local Rule 5-4.3.4(a)(2)(i), the filing signatory attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.